IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. ANDERSON, LARRY S.
2. ARNETH,ANTHONY, JR.
3. CLARKE, JEFFREY S.
4. **DEMPSEY, DONALD W.**
5. HERBERT, HARRY E.
6. KEY, WILLIAM D.
7. KIMBALL, HAROLD A.
8. **NORLIN, JACKIE T.**
9. SEVERS, SUSAN D.
10. STRAUSS, LYLE S.
11. **VAN HOURTEN, LEONARD**
12. WATKINS, CHRISTINE
13. YEREANCE, MICHAEL A.
14. YANEY CHAUNCEY R.

Plaintiffs,

v.

THE UNITED STATES

Defendant.

1:07-cv-08-MBH
(Judge Horn)

## SECOND AMENDED COMPLAINT

1. The plaintiffs are employees or former employees of the defendant United States Government employed in GS-802 technician positions and related technical

occupations by the U.S. Navy in the Naval Air Warfare Center in Lakehurst, New Jersey and other locations. Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 1491, 2201 and 2202, 5 U.S.C. Section 5596, and the overtime provisions of Title 5 of the U.S. Code, 5 U.S.C. §§ 5541, et .seq., to remedy the defendant's willful and unlawful violations of federal law complained of herein.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

PARTIES

3. Plaintiff Larry Anderson, a resident of Shamong, NJ has held a GS-11-895 technician position and is currently employed as a GS-1150 industrial specialist at the GS-12 grade level for the U.S. Navy, Naval Air Warfare Center ("NAWC") assigned to Lakehurst, New Jersey and has been so employed at all times material herein. Anthony Arneth of Pine Beach, NJ is a GS-802 technician employed at the GS-12 grade level at NAWC's facility in Lakehurst, NJ.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant employed by the U.S. Navy in Lakehurst, New Jersey and other locations in technical positions and they, along with the plaintiffs

identified in paragraph 3 above, have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to this complaint in Appendix A. These written consent forms set forth each plaintiff's name, home address, social security number, employing agency, the positions in which each plaintiff has been employed during the past several years and each plaintiff’s address.

5. Each of the plaintiffs in this action is an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d). Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 CFR § 551.501, provides that federal agency employers such as the U.S. Navy, shall compensate their employees at a rate of not less than one and one-half times the employees’ regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in

a work week. At all times material herein, the plaintiffs and other employees similarly situated have been entitled to FLSA overtime pay for all hours of work in excess of 8 in a day and/or 40 in a work week.

8. At all times material herein, the plaintiffs have worked at the GS-12 pay grades and below in the GS-802 technician positions and in related occupations. At all times material herein, while working in these positions each of the plaintiffs has worked hours in excess of forty (40) hours per week and/or 8 hours a day.

9. During the time plaintiffs worked in excess of forty (40) hours per week and/or eight (8) hours a day, defendant United States has failed and refused to provide plaintiffs with the rights and protections provided under the FLSA, including overtime at a rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked in excess of the hourly standards set forth in 29 U.S.C. §207 for all hours worked in excess of eight (8) hours in a work day and/or forty (40) hours in a workweek.

10. By failing and refusing to pay the plaintiffs and other employees similarly situated the overtime pay required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

11. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs various amounts that have not yet been precisely determined. The employment and work records for each are in

the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of defendant's liability can be ascertained.

12. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay FLSA overtime compensation.

13. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation in violation of the FLSA.

14. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of their rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award each plaintiff monetary liquidated damages equal to their unpaid

compensation, plus interest;

(d) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: January 29, 2007

_/s/ Molly A. Elkin_________

Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Counsel of Record

CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Second Amended Complaint was served electronically on the following counsel of record on this 29th day of January of 2007:

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street NW
Washington, D.C. 20530

/s/Molly A. Elkin______
Molly A. Elkin