IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LARRY S. ANDERSON, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-0008 |
| v. | ) | |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's order of March 22, 2007, the parties file this joint status report. Plaintiffs allege that they are entitled to backpay for unpaid overtime and other relief under the Fair Labor Standards Act ("FLSA"). Plaintiffs further allege that they are employed by the U.S. Navy at the Naval Air Warfare Center in Lakehurst, New Jersey, in three different technical occupations. The case currently includes two GS-856-11 Electronics Technicians, eight GS-802-12 Engineering Technicians, and seven GS-1150-11/12 Industrial Specialists. The Government has conceded liability with respect to the GS-856-11 Electronics Technician and GS-802-12 Engineering Technician plaintiffs. The defendant provided plaintiffs with backpay calculations for most of the plaintiffs in these two categories with the exception of recently added plaintiffs. Defendant expects to be able to provide these remaining backpay calculations to plaintiffs' counsel prior to the status conference on April 20, 2007.

Since the status conference of March 21, 2007, the parties held further discussions regarding the liquidated damages issue and were able to resolve the issue. In addition, earlier this week, defendant's counsel notified plaintiffs' counsel that certain errors were made in the backpay calculations previously provided to plaintiffs' counsel. Defendant is in the process of correcting those errors and will forward corrected calculation sheets to plaintiffs' counsel prior

to the April 20, 2007 status conference. Once plaintiffs' counsel receives the corrected calculations, she will obtain the consent of the plaintiffs with respect to the backpay calculations that have been provided to date. Once the plaintiffs consent to the calculations, the parties' counsel can draft a proposed settlement agreement and defense counsel can submit it to the proper Government authority for review and approval with respect to the Electronics Technician and Engineering Technician plaintiffs.

With respect to the seven GS-1150-11/12 Industrial Specialists, agency counsel met with the managers of the Industrial Specialists that are plaintiffs in this action. At this point, the Navy does not believe that these positions should be reclassified as FLSA non-exempt. However, the Navy has initiated a management study of the non-plaintiff Industrial Specialist positions at the GS-11 and GS-12 grades. The management study will include a recommendation to management as to the proper classification of the Industrial Specialist positions. The management study will not be completed until approximately mid-May.

As a result of scheduling conflicts of plaintiffs' counsel and defense counsel, the parties will be unable to conduct interviews of the Industrial Specialist plaintiffs and their managers prior to the status conference currently scheduled for April 20, 2007. Plaintiffs' counsel is currently preparing for a two week trial in a Title VII case beginning on April 30, 2007 in Jackson, Mississippi (Alexander, et al. v. City of Jackson, et al., CA No. 3:04 W 614 (S.D. Miss)). Plaintiffs' counsel will be in Jackson from April 17th for a pre-trial conference and will be staying in Jackson through the 19th to prepare witnesses for trial. Plaintiffs' counsel will also be in Jackson for additional trial preparation April 23-25, 2007. Following this two week trial which is scheduled to end on May 11, 2007, plaintiffs' counsel will be preparing an opposition to a motion for summary judgment in Parker, et al. v. City of New York, et al., Case No. 04-04476

(S.D.N.Y) - an FLSA case involving over 300 plaintiffs. Plaintiffs' opposition brief in that case is due on May 31st and will likely involve obtaining affidavits from a number of representative plaintiffs. Simultaneously, plaintiffs' counsel will be preparing for a three day FLSA arbitration involving AFGE Local 1325 and the Bureau of Prisons scheduled to commence on June 6th in Philadelphia.

In addition, defense counsel was unable to travel to New Jersey to conduct interviews the week of April 9, 2007 because defense counsel is the assigned counsel in three other matters that require filings that week. Specifically, defense counsel has two responses to complaints that currently are due the week of April 9, 2007 (BioFunction LLC v. U.S., No. 07-0067 (Fed. Cl.) and Infopro Group Inc. V. U.S., No. 07-0015 (Fed. Cl.))[1] as well as an appellate brief that must be filed with the Court of Appeals for the Federal Circuit (Strader v. Department of Labor, No. 2006-3429 (Fed. Cir.)). Furthermore, defense counsel also has an in-person status conference before Judge Block on Thursday, April 12, 2007.

As a result of the scheduling conflicts stated above, the parties suggest that the interviews be completed by June 15, 2007, which also should allow the completion of the Navy's management study and time for the Navy to consider any recommendations made by the study.

---

[1] Defense counsel is applying for an enlargement to respond to the complaints in both of these matters.

Respectfully submitted,

s/ Molly A. Elkin
MOLLY A. ELKIN
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
Tele: (202) 833-8855

Attorneys for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624

April 11, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler